UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER KNIGHT, )<br>　　Plaintiff )<br>v. )<br>　　　)<br>OFFICER GERALD L. COFIELD, and )<br>THE CITY OF BOSTON, )<br>　　Defendants )<br>　　　) | | C.A. No. _____<br><br><br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. § 1983 and related state law. Plaintiff Christopher Knight alleges that the Defendant police officer used excessive force and illegally arrested him with no evidence in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12 §11I. The Plaintiff further alleges that the Defendant City of Boston has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendant jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Christopher Knight is a resident of Boston, Massachusetts.

4. Defendant Officer Gerald L. Cofield is a police officer for the Boston Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Boston.

5. Defendant City of Boston is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## FACTS

6. On or about April 22, 2009, Plaintiff Christopher Knight was involved in a motor vehicle accident in which he was struck by a driver who swerved into his lane.

7. Mr. Knight's girlfriend, Kristen, called 911 to report the accident when it became apparent that the other driver involved in the accident would continue to deny responsibility and refuse to exchange insurance information.

8. As a result of that 911 call, Defendant Officer Gerald L. Cofield was dispatched to the scene of the accident.

9. Upon arrival, Officer Cofield was verbally abusive and outwardly angry and annoyed with the situation.

10. He reprimanded Mr. Knight for not simply exchanging information with the other driver and moving along so as not to cause a traffic delay.

11. Knight relayed to Officer Cofield that the other driver refused to exchange information, so his girlfriend called 911 because they were not sure what they should do in such a situation.

12. As a result of Officer Cofield's abrasive and unhelpful attitude at the scene, Mr. Knight requested his name and badge number, and Officer Cofield complied.

13. At this point, Officer Cofield slammed Mr. Knight's car door shut, striking him in the leg.

14. Mr. Knight was then considering calling 911 again to request that a supervisor be sent to the scene because of Officer Cofield's unstable and abrasive demeanor, but Officer Cofield returned before the call could be placed.

15. In disbelief of the Officer's conduct, Mr. Knight took out his Blackberry mobile phone and began videotaping Officer Cofield.

16. While videotaping, Mr. Knight asked Officer Cofield why he had slammed the door shut on his leg.

17. Officer Cofield responded by pulling open the car door and grabbing Mr. Knight by the neck and collar, forcibly dragging him from the car and around to the hood while shouting "Let's go! Let's go!".

18. He then slammed Mr. Knight down on the hood of the car with his face down, hard enough to scratch the car's hood.

19. Mr. Knight let go of the Blackberry when he was slammed against the hood, and requested that his girlfriend pick it up and continue filming.

20. Officer Cofield consented to the videotaping at this point.

21. Mr. Knight was then handcuffed in a rough fashion and paraded across the street in front of many onlookers, causing severe embarrassment.

22. Mr. Knight was arrested for disorderly conduct and was later released without being booked and was issued a summons.

23. While at the police station, Mr. Knight was chained to a wall for approximately 30 minutes.

24. The charge of disorderly conduct was later amended to disturbing the peace, but then the charge of disorderly conduct was reinstated and the charge of disturbing the peace was dropped.

25. No criminal complaint was issued against Mr. Knight as a magistrate determined there was no probable cause to support such a complaint.

26. As a result of the Internal Affairs investigation, it was determined that Officer Cofield did not exercise good judgment and that Mr. Knight should not have been arrested, as the Internal Affairs report sustained Mr. Knight's complaint as to that charge.

## **COUNT I**

### **VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT COFIELD**

27. The Plaintiff restates the allegations in paragraphs 1 through 26 and incorporate said paragraphs herein as paragraph 27.

28. By the actions described above in paragraphs 1 through 26, the Defendant, acting under color of law, deprived the Plaintiff of his right to be free from unreasonable seizures and to be free from the use of excessive force, in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## **COUNT II**

### **VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT CITY OF BOSTON**

29. The Plaintiff restates the allegations in paragraphs 1 through 26 and incorporate said paragraphs herein as paragraph 29.

30. By the actions described above in paragraphs 1 through 26, the City of Boston has demonstrated a custom and policy of deliberate indifference to the rights of its citizens by:

    a. Failing to adequately train its police officers on the proper use of force and arrest procedures;

    b. Failing to adequately supervise officers who are prone to make unlawful seizures and use excessive force; and

    c. Failing to take disciplinary action against officers who violate the rights of citizens by using excessive force and making unlawful seizures.

## COUNT III

## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12 § 11I BY DEFENDANT OFFICER COFIELD

31. The Plaintiff restates the allegations in paragraphs 1 through 26 and incorporate said paragraphs herein as paragraph 31.

32. By the actions described in paragraphs 1 through 26, the Defendant violated the Plaintiff's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12 § 11I.

**WHEREFORE**, the Plaintiff requests that this Court award:

1. Compensatory damages against all defendants, jointly and severally;

2. Punitive damages against the individual defendants;

3. The costs of such action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.


A jury trial is hereby demanded.


DATED: February _____, 2010

Respectfully Submitted,
Plaintiff Christopher Knight
By his attorney,

//s// Stephen Hrones
Stephen B. Hrones
BBO # 242860
Hrones & Garrity
Lewis Wharf – Bay 232
Boston, MA 02110-3927
T) (617) 227 – 4019